DLD-034                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-3417
_____

IN RE:  JAMES COLE,
                                          Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to Civ. No. 2:18-cv-03668)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
November 15, 2018

Before:  JORDAN, GREENAWAY, JR. and NYGAARD, Circuit Judges

(Opinion filed: January 11, 2019)
_____

OPINION*
_____

PER CURIAM

    James Cole, a federal prisoner proceeding pro se, has filed a petition for a writ of

mandamus seeking review of Judge Paul S. Diamond's refusal to reassign Cole's

defamation action to another judge.  For the foregoing reasons, we will deny the petition

for a writ of mandamus.

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

In August 2018, Cole filed a complaint in the United States District Court for the Eastern District of Pennsylvania alleging that a book, "The Fall of JBM: From Kingpin to Key Witness," contained false and defamatory statements about Cole's involvement with a criminal organization known as the Junior Black Mafia. He named as defendants the book's author, Rodney Carson, as well as TMG Publishing and Amazon, Inc. Cole filed two motions seeking to enjoin publication of the book. Judge Diamond denied those motions without prejudice because Cole "provide[d] no support for his allegation that he will suffer irreparable harm if I do not enjoin publication of the book before he can serve Defendants." Thereafter, Cole filed a "Motion for Case Re-Assignment," arguing that his defamation case should be heard by Judge Timothy J. Savage, who presided over a habeas case brought by another Junior Black Mafia member, Aaron Jones. See Jones v. Horn, E.D. Pa. Civ. No. 2:96-cv-07544.[1] Citing Local Rule 40.1(c), Judge Diamond denied the motion for reassignment, holding that the "cases are not sufficiently related to warrant asking the Chief Judge to reassign either matter."

A writ of mandamus is a drastic remedy available only in extraordinary circumstances. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). A petitioner seeking the writ "must have no other adequate means to obtain the desired relief, and must show that the right to issuance is clear and indisputable." Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996). Mandamus is not a substitute for an

---

[1] The proceedings in Jones have been stayed since October 2005 pending the state courts' adjudication of Jones' application for post-conviction relief.

2

appeal; if a petitioner can obtain relief by an ordinary appeal, a court will not issue the writ.  See In re Briscoe, 448 F.3d 201, 212 (3d Cir. 2006).

The circumstances here are not extraordinary, and we perceive no "grave injustice" in the District Court's denial of the reassignment motion.  Bogosian v. Gulf Oil Corp., 738 F.2d 587, 591 (3d Cir. 1984).  Contrary to Cole's claim, his defamation action does not "come out of the same controversy" as that presented in the Jones habeas case.  Although both cases involve alleged members of the Junior Black Mafia, Cole has failed to adequately explain why both should be heard by Judge Savage.  Moreover, Cole has not shown that he has no other adequate means to challenge the District Court's ruling.  Any claims of error regarding Judge Diamond's denial of the reassignment motion can be raised in an appeal once a final judgment is entered.  Cf. Rodi v. S. New England Sch. of Law, 532 F.3d 11, 19 (1st Cir. 2008) ("Rodi's claim that the district judge should have granted his motion for reassignment under Local Rule 40.1(K)(2) is properly before us.").

Accordingly, we will deny the mandamus petition.